UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SOWELL,

                    Plaintiff,

        -against-

NYSDOCCS ANTHONY J. ANNUCCI, et al.,

                    Defendants.

22-CV-6538 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained in the George R. Vierno Center ("GRVC") on Rikers Island, filed this *pro se* action under 42 U.S.C. § 1983, alleging that his multiple detentions pursuant to parole warrants were unlawful. On January 13, 2023, the Court directed Plaintiff to amend his complaint within 60 days, to address deficiencies in his original pleading. After Plaintiff filed an amended complaint, on June 26, 2023, the Court dismissed the action for failure to state a claim but granted Plaintiff 60 days' leave to replead two discrete claims in a second amended complaint. (ECF 12.) That order stated that failure to file a second amended complaint within the time prescribed would result in the Court entering judgment dismissing the action for the reasons specified in the June 26, 2023 order. Because Plaintiff failed to file a second amended complaint within the prescribed time, judgment was entered on September 25, 2023. (ECF 13.)

        On October 20, 2023, the Court received from Plaintiff a letter in which he asserts that he was unable to respond to the Court's June 26, 2023 order granting him leave to file a second amended complaint because staff members from the New York City Department of Correction ("DOC") confiscated his legal papers. (ECF 14.) Plaintiff also submitted to the Court a notice of

appeal and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF15-16.)

The Court liberally construes Plaintiff's letter as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (providing that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's letter, the Court grants the motion. The Court, however, denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary.

## DISCUSSION

### A.   Jurisdiction

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rule 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the Court received Plaintiff's letter for reconsideration on the same day that he submitted a notice of appeal and within 28 days after judgment was entered.[1] The Court therefore has the authority under Rule 60 to consider his request.

**B.    Motion for Reconsideration**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff seeks relief from the Court's order based on excusable neglect, asserting that he was unable to respond to the Court's June 26, 2023 order directing him to submit a second amended complaint within 60 days because DOC staff had confiscated his legal papers. In light of Plaintiff's allegations, the Court grants his request for reconsideration. The Court

---

[1] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Where an incarcerated litigant does not include the date he delivered his documents to prison authorities, courts generally rely on the signature date as the date the documents were delivered. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Here, Plaintiff dates the letter October 6, 2023. (ECF 14, at 1.)

therefore vacates the September 25, 2023 judgment and directs the Clerk of Court to reopen this matter for further proceedings.

The Court grants Plaintiff an additional 30 days' leave to file a second amended complaint as directed by the June 26, 2023 order. As provided by that order, Plaintiff's leave to replead is limited only to two specific false imprisonment claims: (1) that he was held beyond his mandated release date although he had obtained a state-court ruling or declaration of invalidity of his parole revocation before filing his original complaint in this action; and (2) that he was deprived of due process because his preliminary hearing or parole revocation proceedings after his July 27, 2021, arrest were not timely held. (ECF 12, at 24.)

### C.  Motion for Extension of Time to Appeal

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal. A litigant has 30 days from entry of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Because Plaintiff timely filed his notice of appeal within 30 days after entry of the September 25, 2023 judgment, the Court denies the motion for an extension of time to file a notice of appeal as unnecessary.

## CONCLUSION

Plaintiff's letter (ECF 14), construed as a motion for reconsideration, is granted. The Clerk of Court is directed to vacate the September 25, 2023 civil judgment (ECF 13), and reopen this action for further proceedings. The Court grants Plaintiff an additional 30 days' leave to submit a second amended complaint as directed by the Court's June 26, 2023 order.

If Plaintiff fails to file a second amended complaint within the prescribed time and he cannot show good cause for such failure, the Court will enter judgment dismissing the action for failure to state a claim on which relief many be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and

declining to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting, 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF 15) as unnecessary because Plaintiff's notice of appeal (ECF 16) is timely.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 30, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge